Bissell, J.,
The right to maintain the present action is necessarily dependent upon the legal effect resulting from the filing of the notice contained in the statement. There is no other question presented. The sale and delivery of the materials to Ferguson, who was the owner of the property prior to the sale to Mrs. Anderson, is admitted. The notice was filed in the recorder’s office of Arapahoe county within the time limited by the statute, and for the purposes of this decision it may be conceded that the property described in the notice is situate within the limits of the county. The purchase by Mrs. Anderson having been made prior to the time the notice was filed, although within the sixty days iimited for the filing of liens, she must be held to have taken title freed from the burden of this claim, under the lien statute, unless without more the notice be held to charge her with the liability. According to the views held by this court concerning the proper construction of that statute, the notice was wholly in *225 sufficient to impose any obligation on her.' There is a very great discrepancy in the authorities as to the policy and purposes of lien statutes, and as to the principles which are to be adopted in their construction and enforcement. Some proceed upon the hypothesis that they were enacted for the benefit of mechanics. It is contended that these enactments are but an extension of the common law right of- the bailee for hire who is employed to do work upon a chattel to hold it 'for his claim until he is paid for his labor. Generally it may be said that the decisions which proceed upon-this hypothesis were either -rendered upon statutes which gave the right of lien to persons who performed labor as contradistinguished from those who sold materials, or else that -the decisions were rendered upon slight consideration of the purposes to be accomplished, and of the persons to be benefited. The other line .recognizes -what every candid man - must admit, that as to all but mechanics and laboring men the legislation is special, and gives to one class of dealers rights denied to men who furnish other sorts of supplies for use and consumption. In respect of everything sold other than labor there is a complete departure from the principle which determined' the rights of the bailee at the common law. These authorities very properly.declare that all legislation of this sort is of a class character, and is an attempt by the .legislature to give to persons who have no contract which would entitle them to any such advantage the right to encumberand embarrass the title to property. They hold,that such statutes must be strictly construed, and .when the controversy, as. in the case at bar, is between the lien claimant’and a purchaser-without knowledge .of the..lien* the material men should be held to an exact and literal observance of the provisions of the law. Every consideration of equity and fair dealing requires it. Mushlitt et al. v. Silverman, 50 N. Y. 360; Esterley’s Appeal, 54 Penn. State 192; Merritt v. Fisher, 19 Iowa 854.
In reaching this conclusion the .court is entirely unembarr rassed by Martin v. Simmons, et al., 11 Colo. 411.
If the decision in that case had been far reaching enough *226 to include a declaration upon this principle, probably this court would have felt bound to follow it. It is enough to say, however, that the limitations expressed in the opinion and found in the facts underlying it remove it wholly from the domain of the present controversy. As stated therein, Simmons expressly agreed to become bound for the materials which were furnished. He was the owner of the property which was to be charged with the lien. It was in proof that he had no other property within the limits of Arapahoe county. ' The notice was conceded to be defective, yet the debt was-charged upon the property'as against him. The judgment however was expressly based upon the facts, and not upon the rule that without more, a notice which failed to locate aud identify the property was sufficient to bind it in a third person’s hands.
Appellees’ right to recover is dependent upon' a notice which does not identify the property by naming the city in which it is to be found, or the county wherein it is situate. It is wholly unaided by any statement of the ownership of the property or of any extrinsic circumstances which would aid in its identification. It is a case barren of equities and entitled only to those legal rights which may be acquired by an exact fulfilment of the statutory requirements. When the right to enforce a debt against property held and owned by one who did not contract the debt, nor agree to pay it, is to be deduced from the constructive notice afforded by record, it violates no rule of statutory construction and impinges upon no equities possessed by the claimant to hold him to the letter of the act.
Generally in the law it has been accounted necessary to show a contract, or to commence the enforcement of a legal right in order to justify the embarrassment of the title to real property. Statutes permitting such things to be done by the simple record of a notice which may or may not be the inception of a valid' claim do not justly admit of any other than a strict construction, at least as against what are well termed material men. It is not intended to extend the doc *227 trine beyond the necessities of the present case. Many reasons can be urged for the maintenance and enforcement of these statutes in so far as they seek to protect the mechanic and the laborer. In respect of them it is only an extension of the right of the bailee to cases where labor is expended upon things which are not in possession, and within the meaning of the law cannot be reduced to possession. It is simply insisted that the liens of men selling supplies must be subject to the equities of innocent purchasers- for value, unless they are brought within the precise terms of the legislative enactment.
The rule here declared finds ample support in well considered cases. De Witt, et al., v. Smith, et al., 63 Mo. 263; Matlack, et al., v. Dare, 32 Mo. 262; Bassbor v. Kilbourn, 3 McArthur 273; Phillips on Mechanics’ Liens, chap. 32, § 378 et seq.
The notice of the lien being wholly insufficient under the record to charge the property with the claim as against the purchaser, Mrs. Anderson, this cause must be reversed and remanded for further proceedings in conformity with this opinion.
Reversed.